315 So.2d 368 (1975)
Lee A. COVINGTON
v.
REX PAINTING INC., and State Automobile and Casualty Underwriters.
No. 6733.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 1975.
Rehearing Denied August 5, 1975.
Writ Refused October 17, 1975.
*369 David Gertler, Steven R. Plotkin, New Orleans, for plaintiff-appellant.
Donald v. Organ, Organ & Pierce, New Orleans, for defendants-appellees.
Before REDMANN, STOULIG and SCHOTT, JJ.
REDMANN, Judge.
Plaintiff appeals from the dismissal on the merits of his workmen's compensation claim for the occupational disease of silicosis from sandblasting.
Because plaintiff worked less than 12 (actually, less than three and a half) months for defendant employer, La.R.S. 23:1031.1, subd. C declares a presumption that the disease is non-occupational (as to the short-term employer) even if "contracted" during the short-term employment, but allows rebuttal of this presumption "by an overwhelming preponderance of [the] evidence."
Plaintiff had previously worked about 15 years as a painter and sandblaster, usually only during the warmer months for other employers in Texas. In 1968 he was admitted to a Houston hospital for pulmonary problems. He worked for defendant from March to June of 1970. Of the two pulmonary disease experts who testified, one asserted that the 1968 x-rays showed minimal silicosis at that time, and that current x-rays do not show any greater silicosis. The second expert opined that the 1968 x-rays did not show silicosis.
Plaintiff's theory is that he is disabled because neither doctor would recommend he return to sandblasting (because of his silicosis, bronchitis, emphysema and tuberculosis); and his further theory is that "contracted" in the statute means manifested by interference with bodily function, in the case of a disease like silicosis. As we understand it, plaintiff argues that he had not "contracted" the disease prior to this last employment, yet now he is disabled and therefore "contracted" the disease during the three and a half month employment with defendant.
We can readily agree that the "contracting" of silicosis is difficult to pin-point. *370 But we suppose that that very circumstance is one of the reasons for the Legislature's provision that, in short-term employment, the plaintiff's evidence must be the overwhelming preponderance. The Legislature presumably deemed it harsh and counter-productive to oblige an employer whose environment might provide one last straw to pay the price of all the straws that years of environment in similar previous employment contributed.
Since there is medical testimony, although contradicted, that plaintiff's silicosis existed in 1968, prior to this employment, even to the same extent as it does today, we concur with the district judge's reasoning that R.S. 23:1031.1, subd. C expressly denies compensation to plaintiff from this short-term employer.
Affirmed.