637 So.2d 666 (1994)
Robert J. SMITH, Plaintiff-Appellee,
v.
TUDOR CONSTRUCTION and Aetna Casualty & Surety Co., Defendants-Appellants.
No. 25,783-KA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1994.
*667 Stafford, Stewart & Potter by Russell L. Potter, Alexandria, for defendants-appellants.
Kelly, Townsend & Thomas by Jeffrey H. Thomas, Natchitoches, for plaintiff-appellee.
Before SEXTON and VICTORY, JJ., and LOWE, J. Pro Tem.
SEXTON, Judge.
Defendants, Aetna Casualty and Surety Co. and Tudor Construction Co., appeal the judgment of the Office of Worker's Compensation awarding medical benefits to the plaintiff and attorney fees. Plaintiff answers the appeal requesting additional attorney fees to defend the judgment.
This is a claim solely for medical benefits. The plaintiff had an on-the-job accident on May 13, 1988 in which he fell out of a trailer. Three days later, he reinjured himself lifting some cabinets. Plaintiff underwent back surgery and is currently receiving worker's compensation benefits from defendants for the back injury sustained from these two accidents. Plaintiff claims, however, that he also acquired carpal tunnel syndrome as a result of the fall from the trailer. Defendants refused to provide plaintiff medical treatment (surgery) for carpal tunnel syndrome on grounds that the condition was not caused by the alleged May 13, 1988 accident or related to his job at Tudor Construction. Plaintiff then sued for medical benefits and attorney fees.
The hearing officer found that the plaintiff sustained the carpal tunnel syndrome as a result of the May 13, 1988 incident and that the defendants were arbitrary and capricious in denying the plaintiff medical treatment for that particular injury. Hence, they were assessed attorney fees. Defendants appeal, asserting that the trial court committed manifest error in finding that plaintiff's carpal tunnel was caused by a May 13, 1988 accident and in finding that they were arbitrary and capricious in denying medical coverage.
In support of their position, appellants contend that carpal tunnel syndrome must be treated strictly as an occupational disease pursuant to LSA-R.S. 23:1031.1 B. In this case, since the plaintiff worked for the appellant for less than twelve months, application of the statute would raise the presumption that the carpal tunnel syndrome contracted by the plaintiff was not sustained in the course of his employment with the appellant. LSA-R.S. 23:1031.1 D. We note in passing that carpal tunnel syndrome was not listed as an occupational disease under that statute until the act was amended in 1990. Appellants argue that the statute is *668 interpretative, and it is therefore applicable in this case. La.Civ.Code Art. 6.
We find it is unnecessary to decide, however, whether LSA-R.S. 23:1031.1 D may be applied retroactively. In the instant case, the hearing officer did not treat the plaintiff's carpal tunnel syndrome as an occupational disease, but as an injury caused by trauma to the hand. The medical testimony in this case, as well as prior jurisprudence, indicates that carpal tunnel syndrome may be caused by a fall such as the one described by the plaintiff. Broussard v. Domingue, 619 So.2d 143 (La.App. 3d Cir.1993), writ denied, 625 So.2d 1042 (La.1993). Moreover, we note that there is a distinction between the "medical" meaning of cause and the "legal" meaning of cause. Bridges v. Hood Motor Co., Inc., 477 So.2d 1261 (La.App. 4th Cir.1985), writ denied, 481 So.2d 1335 (La.1986). "It is immaterial that the disability could have been brought on by causes other than a work-related trauma, if, in fact, trauma on the job which meets the standards of accidental injury is a disabling factor...." Bridges, supra at 1265, citing, Parks v. Insurance Company of North America, 340 So.2d 276, 281 (La.1976). We do not think that the legislature, by listing carpal tunnel syndrome as an occupational disease in LSA-R.S. 23:1031.1 B, intended to preclude the possibility that in some cases carpal tunnel syndrome may be caused by a single incident. In such cases, the presumption raised by LSA-R.S. 23:1031.1 D is inapplicable. Therefore, we hold that the hearing officer correctly refused to apply the presumption raised by that statute in this case.
Be that as it may, appellants vigorously argue that the May 13, 1988 accident never happened. While it is true that the record indicates that both the plaintiff and the treating physicians were focusing primarily on the injury to plaintiff's back and the incident giving rise thereto, we cannot say that the hearing officer was clearly wrong in finding that there was a May 13, 1988 incident in which plaintiff fell out of the storage trailer. Plaintiff initially reported a May 13 incident to defendant, as well as the subsequent incident and re-injury resulting from lifting cabinets.
Moreover, plaintiff consistently complained of pain in his arms following the accident. At his initial visit to Dr. Edward Anglin's office on May 18, plaintiff's wife had to fill out a treatment form because of plaintiff's pain. That form indicated that the parts of the body to be treated were the back, arms, and legs. On May 30, plaintiff complained of arm numbness from the elbows to fingers to the physical therapist at Schumpert Hospital. Dr. Harold Bicknell's records dated June 11 reflect that the plaintiff complained of tingling in the hands. On October 25, plaintiff reported to Dr. Warren D. Long that he had right and left hand numbness, with right hand numbness occurring at night. A nerve conduction test performed on November 3 evidenced carpal tunnel syndrome. Defendants introduced no evidence of any complaints by plaintiff prior to the accident of arm, wrist, or hand pain. Accordingly, we find no manifest error in the hearing officer's finding that the carpal tunnel syndrome sustained by the plaintiff was work related in that it was either caused or aggravated by the on-the-job accident of May 13.
The appellants also contend that the hearing officer erred in her determination that Aetna was arbitrary and capricious in denying medical coverage for the plaintiff's injury. Pursuant to that finding, the hearing officer awarded the plaintiff $4000 in attorney fees.
In her written reasons for judgment, the hearing officer exhaustively reviewed all evidence of the accident and resulting injury. The record bears out her finding that Aetna made its decision to deny payment based on incomplete medical records. Aetna denied coverage for the carpal tunnel syndrome in June of 1989, about one month after plaintiff requested approval of the surgery. Although Aetna had in its possession at that time the medical reports of Drs. Anglin, Bicknell, Osborne, and Long, it did not question any doctor treating the plaintiff regarding whether the carpal tunnel syndrome was work related. It did not attempt to obtain the hospital records of plaintiff's June 1988 hospitalization, which would have revealed plaintiff's early complaints of forearm numbness. *669 Janell Oldham, the Aetna employee in charge of this case, said the records would not have changed her mind. Her testimony indicates that the decision to deny coverage was based almost solely on the fact that in her notes regarding her initial contact with the plaintiff, she wrote that the June 13 incident was a slip while unloading the storage trailer and not a fall on the hands while unloading the storage trailer. Further investigation by Ms. Oldham would have revealed that plaintiff consistently described the incident as a fall from the storage trailer. Aetna chose not to further investigate the claim before making its decision. The law is settled that an employer who fails to investigate an employee's compensation claim subjects itself to statutory penalties and attorney fees. Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991). Accordingly, we hold that the award of attorney fees based upon the finding that Aetna arbitrarily and capriciously denied payment of plaintiff's medical expenses was not clearly wrong.
Finally, plaintiff answers defendants' appeal seeking additional attorney fees for the cost of defending the appeal and asserts that the hearing officer committed manifest error in awarding only $4000 in attorney fees.
The amount of an award of attorney fees under the Worker's Compensation Act is committed to the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. Frazier v. Conagra, Inc., 552 So.2d 536 (La.App. 2d Cir.1989), writ denied, 559 So.2d 124 (La.1990). We find that an award of $4000 in attorney fees in this case is supported by the record, given the numerous depositions (six), discovery, and pre-trial conferences and almost a full day of trial, but not so low as to constitute an abuse of discretion. Accordingly, the award of the hearing officer will not be disturbed for this reason.
On the other hand, an increase in attorney fees is usually awarded on appeal when the defendant appeals, obtains no relief, and the appeal has necessitated additional work on the part of plaintiff's counsel, provided the plaintiff appropriately requests an increase. Pitcher v. Hydro-Kem Services, Inc., 551 So.2d 736 (La.App. 1st Cir. 1989) writ denied, 553 So.2d 466 (La.1989). We find that an increase in the award of attorney fees in the amount of $1500 is appropriate in this case.
For the foregoing reasons, the judgment of the Office of Worker's Compensation is amended to award an additional $1500 as attorney fees for a total of $5500. As amended, the judgment appealed is affirmed at appellants' costs.
AMENDED AND AFFIRMED AS AMENDED.
VICTORY, J., dissents in part.
VICTORY, Judge, dissenting in part.
I cannot agree with the majority opinion on the issue of attorney fees, which are appropriate only if the defendants' refusal to pay medical expenses was arbitrary and capricious. The preponderance of the medical testimony in this case is that carpal tunnel syndrome is not caused by direct trauma, but by repetitive movement over a period of time. The Legislature has listed carpal tunnel syndrome as an occupational disease. The defendants did not arbitrarily or capriciously deny payment, but did so due to the circumstances under which plaintiff claims his carpal tunnel syndrome occurred and due to the serious dispute among the doctors as to the causation issue.
In my view the hearing officer was clearly wrong in awarding attorney fees and the majority errs in affirming that award and adding additional attorney fees on appeal.