675 So.2d 1211 (1996)
Elda TRAPANI
v.
DOMINO SUGARS.
No. 95-CA-2529.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1996.
*1212 Kim C. Jones, Michael C. Ginart, Jr., Richard A. Tonry, Tonry & Ginart, Chalmette, for Plaintiff.
James A. Babst, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for Defendants.
Before SCHOTT, C.J., and CIACCIO and JONES, JJ.
SCHOTT, Chief Judge.
In this workers' compensation case the employer and its insurer have appealed from an award to plaintiff. The hearing officer found that she was entitled to benefits even though a videotape demonstrated that plaintiff attempted to deceive the court and even though she collected unemployment benefits for the entire period of time for which the hearing officer awarded compensation benefits.
Plaintiff claimed she was injured on June 21, 1993, when she was attempting to manually open an elevator door which jammed. The next day she saw the company physician who found no objective symptoms, but determined on the basis of her complaints that she had a chest wall muscle pull. He treated her until September 12, 1994, when he released her for light duty. She also saw an orthopedist in March 1994 who diagnosed rotator cuff tendonitis and bursitis and who testified at trial that she was able to perform light duty work which would not involve the use of her left arm such as sitting and monitoring security cameras. He stated that he never saw any objective symptoms but he based his opinion on her subjective complaints and reactions during examinations.
At the trial held on March 27, 1995, plaintiff testified that her condition prevented her from working as a sales clerk, going to school, doing housework or yard work, or from doing anything which in any way involved movement of her arm.
An investigator employed by appellants testified that on October 26, 1994, he witnessed plaintiff doing yard work for about an hour using a metal rake to break hard dirt, cutting grass, and moving lawn furniture. He produced a videotape he took of the plaintiff doing these things. Plaintiff testified that the person in the videotape was her sister, but the investigator testified that before he videotaped plaintiff's activity he walked within ten feet of plaintiff in order to clearly identify her.
The parties stipulated at the beginning of the trial that plaintiff filed for and received unemployment compensation since June 21, 1993, and received it every week through the end of November 1994.
The hearing officer awarded plaintiff temporary total disability benefits from June 22, 1993, through December 28, 1993, and supplemental earnings benefits from December 29, 1993, through October 26, 1994, together with all medical expenses between June 21, *1213 1993, and October 26, 1994. She also awarded penalties and attorney's fees against appellants.
In this court appellants contend that plaintiff failed to prove her case. They argue that the physician's opinions as to her disability were based upon her subjective complaints and upon no objective findings. They challenge her entitlement to SEB since the medical evidence was uncontradicted that she was all along capable of some light work. And they point to discrepancies and contradictions in the way the accident supposedly happened and the time of her accident as reported to the company physician. However, we need not consider these arguments since the workers' compensation law itself precludes plaintiff from obtaining any compensation benefits.
With respect to unemployment benefits the judgment of the hearing officer provided that appellants were to be given credit for the amounts received by plaintiff for unemployment benefits between June 21, 1993 and October 26, 1994. In her reasons for judgment she stated that she recognized that plaintiff sought and received the unemployment benefits and that appellants would be given credit for the amounts plaintiff received.
LSA-R.S. 23:1225(B) provides as follows:
No compensation benefits shall be payable for temporary or permanent total disability or supplemental earnings benefits under this Chapter for any week in which the employee has received or is receiving unemployment compensation benefits.
Despite the plain wording of this statute and plaintiff's stipulation that she received unemployment benefits for every week between June 21, 1993, and November 1994, the hearing officer awarded temporary total disability and supplemental earnings benefits for this period. The hearing officer clearly erred in determining that appellants are entitled only to a credit for the amounts paid.
Plaintiff is also precluded from any benefits whatsoever by virtue of R.S. 23:1208 which makes it a crime for a person, for the purpose of obtaining any compensation benefit or payment, to willfully make a false statement or representation. Subsection § (E) of the statute provides that any employee violating this section shall, upon determination by hearing officer, forfeit any right to workers' compensation benefits.
In her reason for judgment the hearing officer stated:
The Court has reviewed the videotape and is convinced that the claimant was engaged in the vigorous activity shown. The videotape was taken on October 27, 1994 and could not refute the claimant's entitlement to benefits before that date. The Court is convinced by clear and convincing evidence that the claimant was not disabled after October 26, 1994. The claimant's credibility became an issue after the October 27, 1994. The Court recognizes the attempted deception, but the weight of evidence clearly preponderated in favor of the claimant before October 27, 1994. No benefits will be paid to claimant after October 26, 1994.
As previously stated plaintiff argues that she was not the person in the videotape doing all this work but that person was her sister. Her testimony was in conflict with that of appellants' investigator and this conflict was resolved against plaintiff. Furthermore, the hearing officer saw the videotape and she saw plaintiff and her sister in court. The conclusion of the hearing officer that this was indeed the plaintiff and that she attempted to deceive the court is not manifestly erroneous and is not subject to reversal by this court.
Despite these conclusions, the hearing officer failed to apply the law as found in § 1208. When this hearing was held on March 27, 1995, plaintiff swore that she was and had been since the accident unable to perform any work because of the pain and limitations of her arm. The videotape taken on October 27, 1994, caught her in a lie. The hearing officer stated that her credibility became an issue only from the date of the tape, as though she were suddenly cured when the tape was made. Thus, the hearing officer gave her the benefits plaintiff was seeking until the day she got caught.
*1214 Plaintiff committed a crime and subjected herself to the penalty provided for that crime which is forfeiture of any right to benefits. This statute is clear and unambiguous; its purpose is to prevent and discourage fraud in relation to workers' compensation benefits; and the legislature intended by its enactment that any false statements or misrepresentations made for the purpose of obtaining benefits would result in forfeiture of those benefits. Resweber v. Haroil Const. Co., 94-2708 (La. 9/5/95), 660 So.2d 7, 12.
Accordingly, the judgment of the hearing officer is reversed and set aside and plaintiff's claim is dismissed at her cost.
REVERSED AND RENDERED.