690 So.2d 103 (1997)
Michelle M. O'REGAN
v.
NUMBER ONE CLEANERS.
No. 96-CA-769.
Court of Appeal of Louisiana, Fifth Circuit.
February 12, 1997.
George B. Recile, Metairie, for Plaintiff/Appellant.
James M. Taylor, New Orleans, for Defendant/Appellee.
Before GRISBAUM, DUFRESNE and DALEY, JJ.
*104 DALEY, Judge.
Plaintiff, Michelle M. O'Regan, appeals the judgment of the worker's compensation hearing officer who found that she failed to sustain her burden of proof that her alleged occupational disease was caused by her employment with defendant, Number One Cleaners. For the reasons that follow, we affirm.
Defendant operates a laundry and dry-cleaning business. Plaintiff began her employment with defendant the week of July 11, 1990 and ended her employment on October 11, 1990. She was hired to work the counter and to assist in removing spots from clothes. Spots are removed by using various chemicals on the clothing. Plaintiff testified she used her bare hands to work the chemicals into the clothing for spot removal. Defendant's employees testified plaintiff did very little spot removal because of the short time in which she was employed.
In 1993, plaintiff sought medical treatment for sinus problems and was diagnosed as suffering with severe anemia. She was eventually diagnosed as suffering from a condition affecting the bone marrow in which an abnormal cell reproduces and, after a sufficient number of cells are reproduced, manifestation of the disease occurs. The disease, myelodysplasia, can take many years to manifest itself and can be caused by exposure to toxic chemicals. Plaintiff attempts to trace the cause of her disease to her employment at the laundry. The worker's compensation court found plaintiff did not meet her burden of proving her case by an "overwhelming preponderance of the evidence" as required by LSA R.S. 23:1031.1(D) and dismissed the claim.
On appeal, plaintiff argues the compensation court erred in requiring the claim to be proven by an "overwhelming preponderance of the evidence." Plaintiff contends the phrase "overwhelming preponderance" is unclear and that the statute should be interpreted to require proof by a preponderance of the evidence; that requiring proof by an "overwhelming preponderance of the evidence" violates the Louisiana Constitution; and that the liberal interpretation of worker's compensation laws should be applied to find coverage for this injury.
Defendant argues that the language of the statute is clear and that it has been upheld by various courts of this State including the Fifth Circuit.
LSA-R.S. 23:1031.1(D) provides as follows:
D. Any occupational disease as herein listed contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed to be non-occupational and not to have been contracted in the course of and arising out of such employment, provided, however, that any such occupational disease so contracted within the twelve months' limitation as set out herein shall become compensable when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months' employment by an overwhelming preponderance of evidence.
Plaintiff worked for defendant for approximately three months in 1990. Therefore, there is a presumption that her disease is non-occupational and was not contracted in the course of and arising out of her employment. LSA-R.S. 23:1031.1(D). Plaintiff bears the burden to overcome this presumption by an overwhelming preponderance of evidence and prove her disease is occupational. In Dibler v. Highland Clinic, 661 So.2d 588 (La.App. 2d Cir.1995), the Second Circuit considered and rejected the very argument made by plaintiff in this case; that the phrase "overwhelming preponderance" is unclear and that the statute should be interpreted to require proof by a preponderance of the evidence. The Second Circuit reasoned as follows:
The accepted meaning of the phrase preponderance of the evidence in Louisiana is evidence which the trier of fact finds "more probable than not," "of greater weight ... more credible and convincing," that "overbear[s], in some degree, the weight [of the evidence] upon the other side [of the case]." (Cite omitted).

*105 The legislature has used the phrase overwhelming preponderance of evidence as the statutory burden of proof in this case, but without defining the phrase. In its ordinary sense, according to our search into several dictionaries, the word overwhelm simply means to greatly overcome, to overcome by superior weight, force or numbers. We shall consider the phrase overwhelming preponderance, not as an oxymoron, but something greater than a mere preponderance and something that perhaps is closer to clear and convincing evidence, another phrase in the w.c. law, Sec. 1221(1)(c). We considered this phrase in Green v. ConAgra Broiler Co., 26,599 (La.App.2d Cir. 3/1/95), 651 So.2d 335, 342. To meet the standard of clear and convincing evidence in Sec. 1221(1)(c), a trier of fact's belief in a claimant's self-serving testimony alone is insufficient. Expert testimony of an objective quality that focuses on probabilities is additionally required to meet that standard. Clear and convincing evidence is something less than evidence beyond a reasonable doubt. See authorities and discussion in Green, supra. In accord with the ordinary sense of the word overwhelm, we conclude evidence which overwhelmingly preponderates is that evidence, if found credible and objectively supported by the trier of fact, which either is much more probable than, is greatly superior to, or greatly overcomes the evidence to the contrary. Other evidentiary principles, such as positive or affirmative evidence being superior to negative evidence, should also guide the analysis. (Citations omitted).
Dibler at pages 591-592.
This court, as well as other appellate courts, has approved of the "overwhelming preponderance of the evidence" burden of proof in occupational disease cases in which the worker was employed less than one year. See Facio v. Glaviano, 658 So.2d 33, 95-CA-35 (La.App. 5th Cir. 6/28/95); Alford v. Environmental Monitoring, 646 So.2d 961 (La. App. 1st Cir.1994). We agree with the Second Circuit and hold that the statutory requirement is that a worker employed less than one year must prove by an "overwhelming preponderance of the evidence" that her occupational disease was contracted during her employment and that the proof required approaches clear and convincing evidence. Additionally, we find no error in the hearing officer's determination that plaintiff failed to meet her burden of proof in this case.
Plaintiff's argument concerning the constitutionality of the statute is not before us as this issue was not specifically pled in the trial court. Facio, supra.
Accordingly, for the reasons assigned, the judgment of the worker's compensation court is affirmed. Plaintiff to bear all costs of this appeal.
AFFIRMED.