758 So.2d 345 (2000)
Dawn STUART
v.
NEW CITY DINER.
No. 99-CA-2270.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 2000.
*346 Bradford H. Walker, Michael A. Triay, Michael J. Bourquard, The Law Offices of Walker & Triay, Metairie, Louisiana, Counsel for Plaintiff-Appellee.
Gregory S. Unger, Law Offices of Michael S. Guillory, APLC, Metairie, Louisiana, Counsel for Defendant-Appellant.
*347 Court composed of Judge WILLIAM H. BYRNES, III, Judge PATRICIA RIVET MURRAY, Judge ROBERT A. KATZ.
BYRNES, Judge.
Appellant, Dawn Stuart, was hired by Appellee, New City Diner, on June 22, 1998. On August 31, 1998, Ms. Stuart was working as a cafeteria line server at the diner. She alleges that on that day she had a sudden onset of pain in her right wrist. She alleges that the pain was caused when she lifted what appears from the record to be an ordinary cafeteria tray. Ms. Stuart further alleges that she told a co-worker and her manager that she was experiencing pain, weakness, and numbness in her right wrist. Ms. Stuart sought medical treatment at Meadowcrest Hospital on September 6, 1998. X-rays revealed that she had no fractures, but that she suffers from a congenital fusion of the capitate and hamate. Ms. Stuart alleges that she then sought treatment at General Meyer Medical Clinic, where she was treated by a neurologist, Dr. Steven Atkins. According to Stuart, Dr. Atkins diagnosed Stuart with Carpal Tunnel Syndrome ("CTS") and referred her to an orthopedic surgeon, Dr. William Pusateri. Dr. Pusateri performed a right-sided carpal tunnel release on September 18, 1998.
Appellant had been treated previously by Dr. Pusateri for pain and swelling in her right wrist. She was referred to Dr. Pusateri on March 25, 1996, by the New Orleans Health Department, for treatment of an injury to that wrist. She was treated for her symptoms of pain and swelling of the wrist on March 26, 1996, April 26, 1996, and February 18, 1997.
Appellant received no workers' compensation benefits. On October 19, 1998, she filed a disputed claim for compensation with the Louisiana Department of Labor, Office of Workers' Compensation. New City Diner filed a motion for summary judgment on March 17, 1999. A workers' compensation judge granted summary judgment in favor of New City Diner on May 20, 1999. The judge ruled that Ms. Stuart could not carry the burden of evidentiary proof dictated by La. R.S. 23:1031.1. She appealed to this Court.
This Court reviews grants of summary judgment de novo. Summary judgment should be granted if the pleadings, answers to interrogatories, and admissions show that there is no genuine issue as to material facts, and the mover is entitled to judgment as a matter of law. Robinson v. Yousuf, 95-1476 (La App. 4th Cir. 1/19/96); 668 So.2d 436, 439, writ denied, 670 So.2d 1232 (La.1996).
The movant for summary judgment bears the burden of proving that no genuine issue of material fact exists. However, if the movant is not the party who would bear the burden of proof at trial, the movant can satisfy this burden by showing that the adverse party cannot satisfy one or more of the elements of a claim.
La. C.C.P. art 966 provides:
C. (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court of the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue if material fact.
The claimant in a workers' compensation case has the burden of proving that a work-related accident or occupational disease occurred and caused a specific injury by a preponderance of the evidence. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992); Holiday v. Borden Chemical, 508 So.2d 1381 (La.1987). A *348 preponderance of the evidence burden requires a plaintiff to show the fact sought to be proved is more probable than not. Lasha v. Olin Corp., 625 So.2d 1002 (La. 1993).
However, La. R.S. 23:1031.1 D heightens the claimant's burden of proof in cases where the claimant suffers an occupational disease and has been employed with the defendant employer for less than twelve months.
La. R.S. 1031.1 D provides that:
Any occupational disease as herein listed contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed to be non-occupational and not to have been contracted in the course of and arising out of such employment, provided, however, that any such occupational disease so contracted within the twelve months' limitation as set out herein shall become compensable when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months employment by an overwhelming preponderance of the evidence. [Emphasis added.]
Thus, in order for an occupational disease to be compensable in cases where the claimant has been employed with the defendant for less than twelve months, La. R.S. 1031.1 D requires that the employee prove causation by an "overwhelming preponderance of the evidence." In cases such as this one, where the claimant has been employed with the defendant for less than twelve months, the claimant's burden of proof depends on whether the claimant's condition is caused by an accident or is an occupational disease.
Work-related carpal tunnel syndrome is specifically listed as an occupational disease by La. R.S. 23:1031.1 B. However, Louisiana courts have not foreclosed the possibility that carpal tunnel syndrome can be caused by an accident. Smith v. Tudor Construction, 25-783 (La.App.2d Cir.5/4/94); 637 So.2d 666, 668; Ceasar v. Crispy Cajun Restaurant, 94-30 (La.App. 3d Cir.10/5/94); 643 So.2d 471.
The term "accident," as it is used in the workers' compensation context, is defined by statute. La. R.S. 23:1021(1) provides:
"Accident" means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
The emphasized language was added when the statute was amended by Acts 1989, No. 454, effective Jan. 1, 1990. We recognize that before 1990, "Louisiana courts consistently ... interpreted the work-related accident requirement liberally." Williams v. Regional Transit Authority, 546 So.2d 150, 156 (La.1989). However, the 1990 amendments reflected the legislature's intent "to ... reduce the circumstances which amounted to an accident under [the pre-1990] law." Rice v. AT&T and Travelers Indemnity Insurance Co., 614 So.2d 358, 361 n. 3 (La.App. 2 Cir.1993). To prove that an accident occurred under the amended statute, the key requirement is that a precipitous event directly produces sudden objective findings of injury rather than a mere manifestation of a gradual deterioration or progressive degeneration. Qualls v. Stone Container Corp., 29-794 (La.App. 2 Cir. 9/24/97); 699 So.2d 1137, 1141, writ denied, 97-2929, 709 So.2d 736 (La.2/6/98).
Although a claimant's testimony may itself discharge her burden of proving that an accident occurred, it will not be adequate where (1) other evidence discredits or casts serious doubt upon the worker's version of the incident; or (2) where the worker's testimony is not corroborated by the circumstances following the alleged incident. Qualls 699 So.2d at 1141. Gilliam v. Manhattan/Whitaker Const. Co., *349 30-566 (La.App. 2 Cir. 5/13/98); 714 So.2d 101.
Appellant claims that the court below erred in applying the burden of proof dictated by La. R.S. 23:1031.1 D. Appellant argues that her symptoms were caused by an accident at work, not an occupational disease. Thus, claims appellant, she must only satisfy the "preponderance of the evidence" burden of proof for work-related accidents. Appellant claims that the "accident" occurred on August 31, 1998, when she lifted the tray during her shift at the diner.
Appellant cites Smith, 637 So.2d at 668, to support her argument that her carpal tunnel syndrome could have been caused by an "accident." In Smith, the court ruled that since the claimant's carpal tunnel syndrome was caused by an accident (a fall from a trailer), the heightened burden of proof dictated by La. R.S. 23:1031.1 D was inapplicable. However, in that case it was clear that a traumatic accident, a fall, had occurred. No such trauma is alleged in this case. In this court's judgment, the lifting of the tray in this case is not the type of traumatic event that fits the statutory definition of "accident" as amended in 1990. La. R.S. 23:1021(1). Gilliam, 714 So.2d at 105. Furthermore, we know of no case, since the 1990 amendments to the statutory definition of "accident", where a court has held that such a routine motion as lifting a tray is an "accident."
Appellant has not indicated that she can prove that a precipitous event occurred and caused her carpal tunnel syndrome. She relies solely on her affidavit and deposition, which are the only indicia that an accident occurred on August 31, 1998. Appellant claims that she reported an accident to her employer and a co-worker. However, she has not indicated that these alleged verbal reports can be corroborated. Therefore, it is the opinion of this court, reviewing the summary judgment of the workers' compensation judge de novo, that no "accident", as defined in La. R.S. 23:1021(1), occurred in this case causing Appellant's carpal tunnel syndrome.
Because no accident occurred in this case, we must consider whether Ms. Stuart's carpal tunnel syndrome can be considered an occupational disease. If so, Appellant would bear the heightened "overwhelming preponderance" burden of proof at trial, as dictated by La. R.S. 23:1031.1 D.
La. R.S. 23:1031.1 B provides:
An occupational disease means only that disease of illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work related carpal tunnel syndrome.
The legal concept of "occupational disease" serves to relieve workers' compensation claimants of the task of proving an "accident" in connection with an occupational disease. Duplechain v. Gulf States Utility Co., 468 So.2d 1386, 1388 (La.App. 3d Cir.1985). In exchange for relief from proving that an accident occurred and caused an injury, a claimant who has been employed with an employer for less than one year must satisfy the higher burden of proof contained in La. R.S. 23:1031.1 D to prove that her occupational disease was caused by or arose out of the employment in question.
We believe that Ms. Stuart's condition is typical of "occupational disease." The legislature specifically listed carpal tunnel syndrome as an occupational disease. Even if Appellant could prove that she sustained an injury on the date that she alleges, the statutory definition of occupational disease includes "injuries due to work related carpal tunnel syndrome." La. R.S. 23:1031.1 D. Therefore, the statute creates a presumption that injuries that lead to a diagnosis of carpal tunnel syndrome are due to occupational disease, not accident. Because Appellant has not *350 shown that she can prove that an accident occurred, in this case, her condition is to be treated as an occupational disease for the purposes of determining her burden of evidentiary proof.
Appellant argues that summary judgment is inappropriate in this case because she could meet even the heightened burden of proof dictated by La. R.S. 23:1031.1 D for cases of occupational disease.
When an employee has been with a particular employer for less than twelve months, there is a strong statutory presumption that any occupational disease that the employee suffers developed prior to the new employment. Therefore, workers' compensation claimants employed less than twelve months with a particular employer must carry the "overwhelming preponderance of the evidence" burden of proof dictated by La. R.S. 23:1031.1 D.
The "overwhelming preponderance of the evidence" standard was discussed by the second circuit in Dibler v. Highland Clinic, 27-274 (La.App. 2 Cir. 9/27/95); 661 So.2d 588. In Dibler, the court stated:
We shall consider the phrase overwhelming preponderance, not as an oxymoron, but something greater than a mere preponderance and something that perhaps is closer to clear and convincing evidence ...
To meet the standard of clear and convincing evidence ... a claimant's self-serving testimony alone is insufficient. Expert testimony of an objective quality is additionally required to meet that standard. Clear and convincing evidence is something less than evidence beyond a reasonable doubt. [Emphasis added]
Dibler, 661 So.2d at 592.
Ms. Stuart was employed by New City Diner for less than three months when she was diagnosed with carpal tunnel syndrome. Therefore, she must prove by an "overwhelming preponderance of the evidence" that her condition was caused by or arose out of her employment with Appellee. Appellant's self-serving and uncorroborated allegation that her condition was contracted during her employ at New City Diner is insufficient. Appellant has not even shown that this allegation could be corroborated. Her uncorroborated testimony would be insufficient at trial to establish, by an overwhelming preponderance of the evidence, that her condition was contracted during her employ at New City Diner.
Additionally, Appellee has offered medical reports, supported by affidavit, that indicate that more than two years prior to the alleged accident, Ms. Stuart was treated by Dr. Pusateri for wrist pain. These reports further refute Ms. Stuart's contention that her condition was caused by or arising out of her employ at New City Diner. Because Appellee has pointed to the lack of evidence indicating that an accident occurred in this case, the burden of proof has shifted, according to La. C.C.P. 966, to Appellant to show that there is a material issue of fact. In the absence of such a showing, a claimant cannot prevail on summary judgment.
Appellant has offered only one piece of medical evidence, an emergency room radiology report dated September 6, 1998, to support her allegations. This evidence is insufficient for two reasons. First, the emergency room report is not certified or identified by affidavit. In summary judgment proceedings, a document that is "not certified or attached to an affidavit is not of sufficient evidentiary quality to be given weight in determining whether or not there remain genuine issues of material fact." Murphy v. L & L Marine Transportation, Inc., 97-33 (La. App. 5 Cir. 5/28/97); 695 So.2d 1045, 1048. Second, the emergency room report indicates only that Ms. Stuart has a congenital fusion of bones in her wrists. Thus, the report can prove only that Ms. Stuart's condition was caused by pre-existing circumstances. Gilliam, 714 So.2d at 104-05.
*351 The "overwhelming preponderance" standard contained in La. R.S. 23:1031.1 D creates a strong presumption against the claimant in certain workers' compensation cases. Appellant's uncorroborated testimony is insufficient to overcome this presumption because Appellant has not offered any evidence, or indicated that any evidence exists, that her condition was caused by or arising out of her employment with New City Diner. To accept Appellant's uncorroborated testimony despite her medical record would render the "overwhelming preponderance" standard meaningless. The appellant has failed to demonstrate the possibility that she could carry her burden of proof at trial. Therefore, we find no error in the Office of Workers' Compensation's decision to grant the defendant's motion for summary judgment. Accordingly, the judgment of the Office of Workers' Compensation is affirmed.
AFFIRMED.