|, Chief Judge WILLIAM H. BYRNES III.
The defendant-appellant, Orleans Private Industry Counsel, appeals a judgment of the workers’ compensation court finding that the plaintiff-appellant, Larry Taylor, had suffered a work related repetitive writing/stress injury to his finger and condemning the defendant to pay the plaintiff workers’ compensation benefits from December 20, 1999 through December 11, 2000; medical benefits; $2,000.00 for failure to pay indemnity benefits and $2,000.00 for failing to pay outstanding medical benefits; and $9,000.00 attorney fee for the arbitrary and capricious refusal to pay benefits.
We find no support in the record for the lower court’s choosing of December 20, 1999 as beginning date for the award of benefits to the plaintiff. The plaintiffs post-trial memorandum contends that the plaintiff “received no benefits from the time he went on work compensation leave, which was December 20, 1999 up until the time he was released to light duty which was June 1, 2000.” However, we find no support for this in the record. Plaintiff testified that he was terminated on January 26, 2000. The burden is on the plaintiff to establish the validity of any earlier date with reasonable specificity. He has failed to do so. It was error for the lower court to adopt the December 20, 1999 date.
| ?Mr. Taylor testified that he received 23)6 weeks of unemployment benefits in the year 2000 during the same period for which the lower court awarded him workers’ compensation benefits. LSA-R.S. 23:1225 B provides that:
No compensation shall be payable for temporary or permanent total disability or supplemental earnings benefits under this Chapter for any week in which the employee has received or is receiving unemployment benefits.
Accordingly, it was error for the lower court to award workers’ compensation benefits for the 23]é week period during which the plaintiff received unemployment benefits. Trapani v. Domino Sugars, 95-2529 (La.App. 4 Cir. 6/5/96), 675 So.2d 1211.
However, the real crux of this case is: Did plaintiff establish by an overwhelming preponderance of the evidence that his finger injury was work related? LSA-R.S. 23:1031.1 D. It is also undisputed that if plaintiffs injury is work related, then it would be classified as an “occupational disease” as defined by LSA-R.S. 23:1031.1 B. But it is also undisputed that plaintiff was employed by the defendant for less than a year at the time his finger injury developed. (Plaintiff was hired on March 1, 1999, and first noted symptoms perhaps in October or November of the same year. He was terminated on January 26, 2000.) Occupational diseases contracted by plaintiffs with less than one year of employment with the defendant employer are pre *912 sumed to be non-occupational. LSA-R.S. 23:1031.1 D. Therefore, the plaintiffs finger injury is presumed to be non-occupational, a presumption that can only be overcome “by an overwhelming preponderance of the evidence.” Id. In this case plaintiffs evidence boils down to his contested testimony that his job with the defendant involved a great deal of writing and a doctor’s report indicating that his finger problem was not caused by | ¡/infection, but that plaintiffs “synovitis could have been caused by repetitive writing/stress to the long finger.” We must then determine whether this is sufficient to establish that the cause of the injury is repetitive writing/stress to the long finger and that an overwhelming preponderance of the evidence shows that the repetitive writing/stress arose during the less than one year in which he was employed by the defendant. This is because “occupational” injuries tend to arise over a period of time making them intrinsically unlikely to be the responsibility of a short term employer:
We can readily agree that the ‘contracting’ of silicosis is difficult to pinpoint. But we suppose that that very circumstance is one of the reasons for the Legislature’s provision that, in short-term employment, the plaintiffs evidence must be the overwhelming preponderance. The Legislature presumably deemed it harsh and counterproductive to oblige an employer whose environment might provide one last straw to pay the price of all the straws that years of environment in similar previous employment contributed.
Since there is medical testimony, although contradicted, that plaintiffs silicosis existed in 1968, prior to this employment, even to the same extent as it does today, we concur with the district judge’s reasoning that R.S. 23:1031.1, subd. C [1] expressly denies compensation to plaintiff from this short-term employer.
Covington v. Rex, 315 So.2d 368 (La.App. 4 Cir.1975).
This Court reiterated this explanation in the more recent case of Stuart v. New City Diner, 99-2270 (La.App. 4 Cir. 3/15/00), 758 So.2d 345:
When an employee has been with a particular employer for less than twelve months, there is a strong statutory presumption that any occupational disease that the employee suffers developed prior to the new employment. Therefore, workers’ compensation claimants employed less than twelve months with a particular employer must carry the “overwhelming | ¿preponderance of the evidence” burden of proof dictated by La. R.S. 23:1031.1 D. [Emphasis added.]
Id., p. 8, 758 So.2d at 350.
It is only the timing of the development of the occupational disease that the plaintiff must prove by the overwhelming preponderance of the evidence. All other elements of the case may be established by the normal preponderance of the evidence/more likely than not standard.
In O’Regan v. Number One Cleaners, 96-769 (La.App. 5 Cir.1997), 690 So.2d 103, the plaintiff, a three-month employee, tried to attribute her myelodysplasia, a disease that can take many years to manifest itself and which can be caused by exposure to toxic chemicals such as those to which plaintiff was allegedly exposed during the course of her employment with the defendant’s dry-cleaning chemicals, to her employment with the defendant. Implicit in the decision is the conclusion that the plaintiff failed to prove by an overwhelm *913 ing preponderance of the evidence that the origins of her myelodysplasia did not antedate her three months of employment with the defendant. O’Regan, quoting with approval from Dibler v. Highland Clinic, 661 So.2d 688 (La.App. 2 Cir.1995), contains an excellent explanation of the meaning of the phrase “overwhelming preponderance” of the evidence:
We shall consider the phrase overwhelming preponderance, not as an oxymoron, but something greater than a mere preponderance and something that perhaps is closer to clear and convincing evidence, another phrase in the w.c. law, Sec. 1221(1)(c). We considered this phrase in Green v. ConAgra Broiler Co., 26,599 (La.App.2d Cir. 3/1/95), 651 So.2d 335, 342.
To meet the standard of clear and convincing evidence in Sec. 1221(l)(c), a trier of fact’s belief in a claimant’s self-serving testimony alone is insufficient. Expert testimony of an objective quality that focuses on probabilities is | Badditionally required to meet that standard. Clear and convincing evidence is something less than evidence beyond a reasonable doubt. See authorities and discussion in Green, supra.
In accord with the ordinary sense of the word overwhelm, we conclude evidence which overwhelmingly preponderates is that evidence, if found credible and objectively supported by the trier of fact, which either is much more probable than, is greatly superior to, or greatly overcomes the evidence to the contrary. Other evidentiary principles, such as positive or affirmative evidence being superior to negative evidence, should also guide the analysis. (Citations omitted). [Italics and boldface original.]
O’Regan at p. 105.
This Court also quoted from Dibler in Stuart v. New City Diner, 99-2270 (La.App. 4 Cir. 3/15/00), 758 So.2d 345, supra.
Thornell v. Payne and Keller, Inc. (La.App. 1 Cir.1983), 442 So.2d 536, reinforces this Court’s view that the “overwhelming preponderance of the evidence” requirement applies to the timing of the occupational disease or injury rather than to other aspects of the claimant’s case:
However, if an employee worked for an employer for a period of less than twelve months, he cannot prevail against that employer unless he demonstrates by an overwhelming preponderance of the evidence that the occupational disease was “contracted” during that employment. La.R.S. 23:1031.1(D); Hanlon v. Sline Industrial Painters, Inc., 358 So.2d 700 (La.App. 3rd Cir.1978), writ denied 360 So.2d 1177 (La.1978); Covington v. Rex Painting Inc., 315 So.2d 368 (La.App. 4th Cir.1975), application denied 320 So.2d 558 (La.1975).
Id., at pp. 541-542.
Was plaintiffs job with the defendant writing intensive? The plaintiff says it was and described what the writing demands were. The defendant offered a witness who testified that the job was not so writing intensive.
|fiThe plaintiff is not required to prove the nature of his job by an overwhelming preponderance of the evidence. The plaintiffs testimony is not so contradicted by objective or documentary evidence as to be unbelievable, nor was his testimony so internally inconsistent as to be unbelievable. Therefore, we cannot say that the lower court was manifestly erroneous or clearly wrong in deciding to credit plaintiffs testimony in preference to that offered by the defendant’s witness. Such credibility calls are peculiarly within the province of the trial court.
Therefore, we will consider that the plaintiff successfully established by a pre *914 ponderance of the evidence that his job with the defendant was writing intensive. There is no suggestion by the defendant that if the plaintiffs injury was caused by writing that the writing was other than job related.
Additionally, defendant offered no argument or evidence to show that the plaintiffs finger problem did not originate subsequent to employment with the defendant. The defendant relies entirely on the non-occupational presumption of LSA-R.S. 23:1031.1 D and the pre-operation speculation by one doctor that plaintiffs problem was caused by an infection in his finger which originated with a dental infection. The defendant offers no other explanation for plaintiffs finger problem. When plaintiffs finger was actually opened up on the operating table, no evidence of infection was found. The defendant rests its case entirely on pre-operation medical speculation and offers nothing to explain why the operation revealed no evidence of infection. Therefore, we find that by any standard, the plaintiff finger problem cannot be traced to infection. ■
The plaintiff testified that he first started noticing the problem in October of 1999 and that it really started to bother him in November. He testified that his|7previous jobs were not so writing intensive. This supports his contention that it was the intensity of the writing on this job that caused his problem and that his finger injury did not arise over such a long period of time that it involved previous employment elsewhere. The plaintiff does not need to be a medical doctor in order to observe what he experienced when writing. The report from the doctor who performed the surgery states that: “The synovitis could have been caused by repetitive writing/stress to the longer finger.” This corroborates the plaintiffs position on causation. As the defendant’s only alternative theory of causation, infection traceable to a dental infection has already been found by this court to have no merit, we find that the defendant has offered no credible evidence of causation.
The defendant called plaintiffs former supervisor as a witness. She recalled that the defendant had problems with his finger but she could not recall when they arose. However, she did testify as follows:
Q. Now, Mr. Taylor indicates that he told you in November that the writing of the job was causing problems with his finger.
A. Okay. He mentioned to me that his hand was bothering him and that he was doing some writing and his hand would bother him. [Emphasis added.] He didn’t ask for reduce [sic] writing. It wasn’t a conversation on that.
Q. Okay. Did he tell you that the writing he was doing was causing problems with his hand?
A. No, we didn’t have a conversation about that.
The defendant’s witnesses testified that the plaintiff was discharged for cause on January 26, 2000. However, the plaintiff contested the discharge for cause when he claimed unemployment benefits. He prevailed. The defendant’s witnesses confirmed this. This could have legitimately added to the lower court’s favorable impression- of the plaintiffs credibility.
laThus we have found that the plaintiff established: (1) based on an overwhelming preponderance of the evidence, that the plaintiffs problem with his finger was not caused by an infection as suggested by the defendant; (3) based on plaintiffs credible testimony and corroborated by his physician, plaintiffs finger problem was caused by a “repetitive writing/stress injury,” and *915 the plaintiff failed to offer any other remotely plausible explanation of causation, all of which is sufficient to prove causation by an overwhelming preponderance of the evidence; (4) based on a reasonable credibility call by the trial judge, that the plaintiffs job with the defendant was writing intensive; (5) based on plaintiffs credible testimony that his finger complaint arose during the time he was employed by the defendant, which fact was corroborated to some extent by the defendant’s witness; and the defendant offered no evidence from which it could be inferred that the injury arose prior to the employment, all of which is sufficient to prove by an overwhelming preponderance of the evidence that the condition arose during the course and scope of plaintiffs employment with the defendant.
However, we find that it was error for the trial court to award penalties and attorney fees for failure to pay indemnity and failure to pay medical benefits because the defendant reasonably controverted the plaintiffs case. LSA-R.S. 23:1201 F(2). The defendant was entitled to rely on the strong[2] presumption provided by LSA-R.S. 23:1031.1 D that the plaintiffs injury was non-occupational coupled with the fact that the plaintiff claimed benefits for several weeks which are not supported by the record and for 23/é weeks during which he was receiving unemployment compensation benefits.
| ^Accordingly those portions of the judgement awarding penalties and attorney fees are reversed; that portion of the judgement awarding compensation and weekly indemnity benefits from December 20, 1999 through December 11, 2000, is amended to begin on January 27, 2000; the judgement is further amended to subtract 23/& weeks from the total due by the defendant to the plaintiff; and the judgment is affirmed in all other respects.

AFFIRMED IN PART, REVERSED IN PART, AMENDED IN PART AND RENDERED.

. This provision is the predecessor to LSA-R.S. 23:1031.1 D.

. Stuart v. New City Diner, 99-2270 (La.App. 4 Cir. 3/15/00), 758 So.2d 345.