683 So.2d 827 (1996)
Ella N. HOWARD
v.
BAKER HERITAGE HOSIERY.
No. 96-CA-335.
Court of Appeal of Louisiana, Fifth Circuit.
October 1, 1996.
*828 Hortence M. Patterson, Metairie, for Appellant Baker Heritage Hosiery.
Daniel J. Dazet, Metairie, for Appellee Ella N. Howard.
Before BOWES, CANNELLA and DALEY, JJ.
CANNELLA, Judge.
In this worker's compensation action, third-party defendant, Baker Heritage Hosiery (Baker), appeals from a judgment rendered in part against it in favor of the principle demand plaintiff, Ella N. Howard (Howard). For the reasons which follow, we reverse the judgment, in part.
Howard was employed by Concession Air since January 9, 1985. She primarily works as a cashier, although she also assists with the preparation of food. On August 9, 1993, Howard began working a second job at Baker. There, her primary duty was to sew socks, sometimes as many as seventy-four dozen per hour. On October 8, 1993, Howard was seen by a physician, Dr. Melvin L. Parnell, Jr., who diagnosed her as having bilateral carpal tunnel syndrome. She subsequently terminated her employment with Baker but continued working at Concession Air.
On April 24, 1994, Howard filed a disputed claim with the Office of Worker's Compensation (OWC) against Concession Air, alleging that she had sustained a work related injury on or about October 8, 1993. Concession Air filed a general denial to Howard's claim. Thereafter, on July 15, 1994, Concession Air filed a claim against Baker alleging that "[i]f the claimant is found to be eligible for benefits for carpal tunnel syndrome, Baker Heritage is responsible for payment of those benefits either in full or in part." On October 19, 1994, Baker filed an answer, as a third-party defendant, to the claim filed against it by Concession Air. On February 2, 1995, Concession Air filed a motion to consolidate the two claims, referring to each only by number, alleging that there were two claims "related to the same issue of disability." The order to consolidate was signed that same date. Trial was held on October 19, 1995. At the conclusion of trial, the hearing officer took the matter under advisement.
Judgment was rendered on January 2, 1996 in favor of Howard and against Baker, ordering Baker "to pay any and all outstanding, *829 past, present and future medical benefits incurred from claimant's carpal tunnel syndrome." Concession Air was totally exonerated from liability and the case against that employer was dismissed. Baker was also ordered to reimburse Concession "for any and all medical expenses of claimant, incurred by them, Concession Air, in connection with claimant's carpal tunnel syndrome treatment." It is from this judgment that Baker now appeals.
On appeal Baker argues that the hearing officer erred in rendering judgment against it. First, it argues that since Baker was a third-party defendant in a claim asserted by Concession Air, the hearing officer could not render judgment against Baker in favor of Howard in the principal demand. Second, as a third-party defendant, Baker argues that it could not be held liable to Concession Air where the third-party plaintiff, Concession Air, was totally exonerated[1]. And finally, in the alternative, Baker argues that Howard did not meet her burden of proof in establishing that Baker was liable for her injury.
In response Howard argues that Baker was not brought into the matter as a third-party defendant, but rather as a principle defendant on the main demand. Further, she argues that all the parties treated Baker like it was a principle defendant, that it acted like it and never objected, even when the claim against Baker was titled by the OWC as Howard versus Baker. Howard also argues that the hearing officer found that she met her burden of proof and that decision cannot be overturned absent a finding of manifest error. She contends that the record supports the judgment in her favor.
After reviewing the record, briefs and applicable law, we find that Baker's arguments have merit and the judgment of the hearing officer must be reversed as it relates to Baker.
In resolving the issues before us concerning Baker's liability, we must first determine whether Baker was in the suit as a third-party defendant or whether it was brought into the principal action by Howard as a codefendant. This is a worker's compensation matter in which Howard is asserting a claim against her employer for a work related injury. Therefore, it is governed by the worker's compensation provisions, La. R.S. 23:1021 et seq. Under those statutes, it is provided that a disputed claim be initiated by filing a certain specified form with the OWC. The claim may be initiated by the employee, his dependent, the employer or the employer's insurer. The required form to initiate a disputed claim, as provided by the Rules of the OWC, is form LDOL-WC-1008. Office of Worker's Compensation Rule 2113.
In this case, Howard filed a LDOL-WC-1008 form against Concession Air. She did not assert a claim against Baker. Thereafter, Concession Air filed an LDOL-WC-1008 form against Baker.
A defendant in a principle action may bring in any person who is his warrantor or who may be liable to him for all or part of the principal demand, by third party petition. La.C.C.P. art. 1111. In this case, defendant in the principal action, Concession Air, asserted a claim against an entity not a party to the proceedings, Baker, asserting that "[i]f the claimant is found to be eligible for benefits for carpal tunnel syndrome, Baker Heritage is responsible for payment of those benefits either in full or in part." This claim, asserted by Concession Air against Baker, can only be as a third party claim. Concession Air has no right or cause of action against Baker for worker's compensation payments or reimbursement except for indemnity or contribution if Concession Air is held liable to Howard. Boyer v. Trinity Universal Ins. Co., 576 So.2d 444 (La. 1991). It is not alleged, nor does the record indicate, that Concession Air was acting with *830 the authority of or on behalf of Howard. The form required by the OWC is titled "Disputed Claim Form" and provides a space for the employee's name, but it also clearly indicates that the claim was filed by the employer, Concession Air, against another employer, Baker. While it is true, as Howard alleges, that the claim against Baker was titled by the OWC Howard v. Baker Heritage Hosiery, we do not find that sufficient to convert the third-party action filed by Concession Air against Baker into a claim by Howard against Baker. Therefore, we find that the claim asserted by Concession Air against Baker is a third-party demand.
It is well settled that a third-party defendant cannot be held liable on the main demand unless the plaintiff amends the petition to make the third-party defendant a direct defendant. La.C.C.P. art. 1111; Johnson v. Acadian Contractors, 590 So.2d 623 (La.App. 3rd Cir.1991), writ denied, 591 So.2d 700 (La.1992); Shaffer v. Illinois Cent. Gulf R. Co., 479 So.2d 927 (La.App. 1st Cir. 1985), writ denied, 483 So.2d 1021 (La.1986). We find nothing in the record before us to indicate that Howard ever directly asserted any action against Baker. In fact, the record indicates the contrary. In Baker's answer to the claim filed by Concession Air, Baker clearly refers to itself as the third-party defendant, answering the allegations of "the original defendant, third-party plaintiff." Further, in the prayer Baker requests that the "third-party demand of Concession Air be denied, and that there be judgment rendered herein in favor of the third-party defendant, Baker Heritage, and against the original defendants/third-party plaintiff, Concession Air, at their costs." Absent a showing that Howard amended her claim to make Baker a direct defendant, judgment cannot be rendered against Baker in favor of Howard. Accordingly, insofar as the judgment rendered by the OWC held Baker, the third-party defendant, directly liable to Howard, the original plaintiff, it is reversed.
The judgment also ordered Baker to reimburse Concession Air for any and all medical expenses that it had paid on behalf of Howard.
A third party defendant is only liable to the third party plaintiff if the third-party plaintiff is cast in judgment. La. C.C.P. art. 1111; Bolin v. Hartford Accident and Indemnity Co., 204 So.2d 49 (La.App. 2nd Cir.1967). In this case, Concession Air was totally exonerated from liability by the judgment and an appeal on that issue has not been sought. That finding is, therefore, final. Since Concession Air is not liable to Howard and was not cast in judgment, Baker cannot be held liable to Concession Air. Accordingly, the part of the judgment ordering Baker to reimburse Concession Air for any sums it spent on Howard's medical bills is reversed.
Finally, Baker argues in its brief that the hearing officer erred factually in finding it liable to for her injury. We agree.
Howard's injury was carpal tunnel syndrome. Under La.R.S. 23:1031.1(B) this is considered an occupational disease. La.R.S. 23:1031.1(D) creates a presumption in favor of the employer against liability where the employee has not been performing work for that employer for twelve months or more prior to contracting the occupational disease. Under that same provision, the standard of proof to be borne by Howard in proving her case and overcoming the presumption is by "an overwhelming preponderance of the evidence." Thus, in this case, Howard, who was only employed by Baker for one month before manifestation of her illness, must overcome the statutory presumption against Baker's liability by an overwhelming preponderance of the evidence.
In reviewing the record, we find that Howard has not met her burden of proof. As pointed out by the hearing officer in his reasons for judgment, none of the testifying physicians could say with any degree of medical certainty that Howard's injury developed from her employment at Baker. There is simply no medical testimony to the effect that Howard's injury was caused by her employment at Baker. Rather, there was evidence to the contrary that her condition worsened after she terminated her employment with Baker, leading to the conclusion that her Baker employment was not the cause of her injury. While it is true, as *831 Howard argues, that the expert medical testimony did not exclude the Baker employment as the cause of her condition, that is not sufficient to support proof of Howard's case by "an overwhelming preponderance of the evidence" and overcome the presumption in favor of the employer against liability. The fact remains that none of the physicians testified that the Baker employment was the cause. Therefore, based on a review of the law and the record, we find that the hearing officer committed manifest error in concluding that Howard suffered a compensable injury for which Baker was responsible.
Accordingly, for the reasons set out above, we reverse the judgment, in part, insofar as it held Baker liable to Howard and to Concession Air for Howard's injury. No appeal was taken from the part of the judgment concerning Concession Air's lack of liability, and it is, therefore, not before us. Costs of appeal are to be paid by Howard.
JUDGMENT REVERSED, IN PART.
NOTES
[1] Although not specifically designated as an "Assignment of Error", appellant adequately raised this issue for appellate review by Assignment of Error No. 1, in which it argues that its status in the case was solely that of a third-party defendant and by Assignment of Error No. 2, in which it argues that liability was not proven against it. Further, the issue is expressly raised in brief in the "Statement of the Case" and in the "Conclusion", where it is argued that Concession Air's claim for indemnity and/or contribution should be dismissed.