688 So.2d 94 (1997)
Jack Elmer DVORAK,
v.
MELVIN JONES FRAMING CONTRACTORS.
No. 96-CA-701.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 1997.
Rehearing Denied March 17, 1997.
*95 Glyn J. Godwin, Perry W. Manning, New Orleans, for Plaintiff/Appellant.
Jeffrey C. Napolitano, Lawrence B. Frieman, Juge, Napolitano, Leyva & Guilbeau, Metairie, for Defendant/Appellee.
Before GAUDIN, GOTHARD and DALEY.
GOTHARD, Judge.
Claimant, Jack E. Dvorak, appeals a decision of the Office of Worker's Compensation denying benefits for bilateral carpal tunnel syndrome. We affirm.
Mr. Dvorak filed a disputed claim for compensation on February 7, 1995 against his employer, Melvin Jones Framing Contractors (Jones), and its insurer, Executive Risk Consultants, Inc.[1] After a hearing on the merits, the hearing officer found that Dvorak failed to prove, by an overwhelming preponderance of the evidence, that the medical condition was contracted during the course of his employment with Jones pursuant to LSA-R.S. 23:1031.1. In accordance with that finding, the hearing officer dismissed claimant's case. It is from that judgment that Dvorak appeals.
The diagnosis and severity of the condition are not disputed by the defendant. Rather, Jones argues that carpal tunnel syndrome is an occupational disease subject to the presumptions set forth in LSA-R.S. 23:1031.1 which provides in pertinent part as follows:
B. An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome. Degenerative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purpose of this Section.
* * * * * *
D. Any occupational disease as herein listed contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed to be non-occupational and not to have been contracted in the course of and arising out of such employment, provided, however, that any such occupational disease so contracted within the twelve months' limitation as set out herein shall become compensable when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months' employment by an overwhelming preponderance of evidence. (Emphasis ours) *96 Defendant maintains that Dvorak did not overcome the above presumption that the condition was not work-related.
On appeal, Dvorak asserts that the hearing officer erred in applying the wrong standard of proof in his analysis. He argues the statutory scheme as set forth in R.S. 23:1031.1 is inapplicable to the present situation, and that the hearing officer erred in applying the presumption therein. Dvorak argues that carpal tunnel syndrome, within the meaning of occupational disease, is caused by long-standing repetitious action. However, Dvorak maintains that the condition can also result from a single accident or event which constitutes an compensable accident in worker's compensation.
In support of that proposition claimant cites; Ceasar v. Crispy Cajun Restaurant, 94-30 (La.App. 3 Cir. 10/5/94), 643 So.2d 471; writ denied, 94-2736 (La.1/6/95), 648 So.2d 931; and Smith v. Tudor Construction, 25,783 (La.App. 2 Cir. 5/4/94), 637 So.2d 666. In Ceasar, the claimant alleged that, in the course and scope of her employment as a cook in defendant's restaurant, she lifted a basket of chicken from the cooker and felt a sharp pain on the inside of her wrists and hands severe enough to force her to drop the basket. She was unable to work after the accident and her disabling condition forced her to terminate her employment two months later. In Smith, the claimant fell out of a trailer injuring his back and wrists. In both cases the court treated the carpal tunnel syndrome as an injury caused by trauma, rather than an occupational disease within the meaning of LSA-R.S. 23:1031.1.
While we agree that both of those cases awarded benefits for trauma related carpal tunnel syndrome, the facts are clearly distinguishable from the instant matter. There has been no claim of trauma asserted by claimant in this action.
LSA-R.S. 23:1021(1) defines accident as follows:
"Accident" means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
Here, the claimant alleges that, after two weeks of carrying heavy 4x8 foot boards and using various tools, his hands began to hurt. That is consistent with the history he gave to the treating physicians. Dvorak testified that he has never had a problem with his wrists or hands before his employment with Jones. That allegation does not support an "accident" within the definition contained in LSA-R.S. 23:1021(1).
Claimant's allegations imply an occupational disease as defined in LSA-R.S. 23:1031.1 B. One of the purposes of that statute is to relieve employees of the almost impossible task of proving an "accident" in connection with an occupational disease. Duplechain v. Gulf States Utility Co., 468 So.2d 1386, 1388 (La.App. 3 Cir.1985). An occupational disease occurs as a result of a series of events, often imperceptible in nature, which are eventually evidenced in the manifestation of a disability. Vargas v. Daniell Battery Mfg. Co. Inc., 93-1249 (La.App. 1 Cir. 5/20/94), 636 So.2d 1194; Price v. City of New Orleans, 95-1851 (La.App. 4 Cir 3/27/96), 672 So.2d 1045; writ denied, 96-1016 (La.10/25/96), 681 So.2d 360. That is precisely the allegation made by Dvorak. The only distinction Dvorak makes in his claim is that the series of imperceptible events causing the condition occurred over a period of time short enough to be considered an "accident". We do not find that argument convincing. Thus, we find the hearing officer correctly analyzed the matter using LSA-R.S.23:1031.1.
In his second assignment of error claimant argues, alternatively, that the evidence offered at trial was sufficient to meet the burden of proof under LSA-R.S. 23:1031.1.
Clearly, carpal tunnel syndrome can be found to be an occupational disease. Nonetheless, even a listed occupational disease that arises during the first twelve months of employment is presumed not to be work-related unless it is proved "to have been contracted during the course of the *97 prior twelve months employment by an overwhelming preponderance of evidence". Dibler v. Highland Clinic, 27,274 (La.App. 2 Cir. 9/27/95), 661 So.2d 588, 589. Because the condition arose after claimant worked only two weeks at Jones, he must overcome the presumption that the condition is not work-related, and is held to a heightened burden of proof under LSA-R.S. 23:1031.1 D. The hearing officer found that the claimant did not succeed and dismissed the action.
Whether the claimant has a work-related condition is a question of fact to be decided by the trier of fact. Vargas v. Daniell Battery Mfg. Co. Inc., supra; Dibler v. Highland Clinic, supra. The standard of review in worker's compensation cases is the manifest error/clearly wrong standard as set forth in Rosell v. ESCO, 549 So.2d 840 (La. 1989). Facio v. Glaviano, 95-35 (La.App. 5 Cir. 6/28/95), 658 So.2d 33. In accordance with that standard, we will review the entire record to determine if the hearing officer's ruling was justified.
The record shows that Dvorak worked with Jones, who is engaged in the business of framing houses, as a carpenter's helper from September 14, 1994 to October 5, 1994. Dvorak's job consisted of setting up the tools in the morning, and cutting and nailing plywood and pressboard on the walls and roofs of the houses. Dvorak was required to carry, stack and cut the large boards according to the carpenters' measurements. He was also required to nail the boards on the roof. Each day Dvorak used various tools including hammers, levels, saws, nail guns and compressors in the course of his job. Dvorak maintains that after two weeks on the job as a carpenter's helper he noticed a numbness in his right hand which led to further pain. He informed the foreman, Jessie Goodrich, of the pain in his hand. Because Mr. Goodrich lacked the power to authorize payment of doctor bills, the matter was referred to the owner, Melvin Jones, who subsequently took Dvorak to a doctor. After the initial examination, it was recommended that Dvorak consult an orthopedic surgeon. Dvorak chose Dr. Ronald French, Jr., who diagnosed Dvorak's condition as bilateral carpal tunnel syndrome. A second consultation with Dr. Farokh R. Contractor confirmed the diagnosis. Both doctors indicate that surgery is necessary to correct the condition.
Dr. French stated in deposition that he first saw the claimant on October 12, 1994. According to the history given him by the patient, Dr. French determined that the symptoms had begun two weeks earlier. Dr. French diagnosed claimant's condition as moderate to severe bilateral carpal tunnel syndrome, which is a compression of the median nerve at the level of the wrist in both hands. Dr. French stated that, while the injury could have been work-related, it may also be caused by some inflammatory process. He was unable to give a definite answer on the causation. Dr. French testified that generally one or two weeks of repetitive actions would be insufficient to cause carpal tunnel syndrome. However, he did acknowledge that an individual with an unusually small carpal canal, or a preexisting inflammatory condition could develop the condition in such a short period of time. Dr. French admitted that he could not determine whether this particular patient had any of those conditions. Although he noted that the claimant did not have evidence of chronic carpal tunnel syndrome, such as loss of muscle tissue or weakness of the muscles of the hand, Dr. French explained that he could not state emphatically whether or not one can develop carpal tunnel syndrome in such a short amount of time.
The record also contains medical reports from Southern Orthopaedic Specialists, Redi-Med and Dr. Contractor. All confirm the diagnosis, but none of the medical evidence establishes with any degree of medical certainty that Dvorak's injury developed from his two week employment with Jones. Rather, there is medical testimony that Dvorak's condition had worsened since he ceased his employment, leading to the conclusion that Dvorak's injury was not caused by his employment with Jones. Given that evidence we cannot say that the hearing officer was manifestly erroneous or clearly wrong in his factual determination that the claimant failed in his burden of proof. See, Howard v. Baker Heritage Hosiery, 96-335 (La.App. 5 Cir.10/1/96), 683 So.2d 827.
*98 Because we find no error in the hearing officer's ruling, we find no merit in claimant's final argument requesting the assessment of arbitrary and capricious penalties against Jones. For the foregoing reasons we affirm the judgment of the hearing officer.
AFFIRMED.
NOTES
[1] Executive Risk Consultants, Inc. was subsequently dismissed by consent judgment.