WALTER J. ROTHSCHILD, Judge, Ad Hoc.
^Claimant, Vonda Jenkinson, appeals a judgment of the worker’s compensation judge, dismissing her claims against her former employer, North Oaks Medical Center (“North Oaks”). For the reasons which follow, we affirm.

FACTS AND PROCEDURAL HISTORY

Vonda Jenkinson began her employment with North Oaks as a laboratory assistant on June 22, 2000. Four days later, on June 26, 2000, while assisting with a patient in the intensive care unit, Ms. Jenkin-son was splashed with the patient’s blood. Ms. Jenkinson asserts that the blood splashed on her hair, mouth, eyes, and clothing. An incident report was written and Ms. Jenkinson was informed that the source patient whose blood splashed on her was positive for hepatitis C. Ms. Jen-kinson’s blood was drawn for testing the same day as the incident. When the test results were received, Eileen Johnson, who is the Coordinator of Employee Wellness for North Oaks, informed Ms. Jenkinson that she tested positive for hepatitis C. Ms. Johnson told her to follow-up with her regular doctor, and Ms. Jenkinson continued to work at North Oaks. Ms. Jenkinson was re-tested in December 2000, and she again tested positive for hepatitis C.
Isln February 2001, Ms. Jenkinson suffered a “needle stick” while working at North Oaks. Although the source patient was positive for hepatitis C, Ms. Jenkinson was not tested for hepatitis C this time because she had already tested positive twice.
Ms. Jenkinson testified that she was not aware that she had hepatitis C until August 2003 when she was hospitalized. She stated that Ms. Johnson led her to believe that her previous positive test results were “false positives.” She testified that after she was diagnosed with hepatitis C in 2003, she began having heart problems, fatigue, weight gain, and could not work. She asserts that she still has not been released to return to work.
Eileen Johnson testified that she has a nursing degree and that she has had training and education related to hepatitis C. On June 26, 2000, Ms. Johnson was notified that there was an incident in which Ms. Jenkinson was splashed with a patient’s blood. On June 30, 2000, she informed Ms. Jenkinson that her test results were positive for hepatitis C. According to Ms. Johnson, Ms. Jenkinson indicated that she probably contracted the disease from her ex-husband.
Ms. Johnson testified that hepatitis C does not show up on blood tests immediately after an exposure. Rather, at the time of Ms. Jenkinson’s exposure at North Oaks, it took about six weeks after an exposure for hepatitis C to show up on a blood test. Ms. Jenkinson had only *719 worked at North Oaks for four days prior to the testing that yielded positive results for hepatitis C. Therefore, Ms. Johnson believes that Ms. Jenkinson’s hepatitis C was a pre-existing condition. Ms. Johnson testified that she never informed Ms. Jen-kinson that she was not positive for hepatitis C or that the results were “false positives.”
On June 14, 2004, Ms. Jenkinson filed a disputed claim for compensation, asserting that she contracted hepatitis C as a result of the June 26, 2000 blood splash, and contending that she is entitled to worker’s compensation benefits as a Dresult of this “occupational disease.” Trial was held on April 6, 2005. On April 12, 2005, the worker’s compensation judge rendered a judgment, dismissing Ms. Jenkinson’s claims against North Oaks with prejudice based on his finding that Ms. Jenkinson “suffered from the disease complained of prior to her exposure to same while employed with the defendant.” It is from this judgment that Ms. Jenkinson appeals.

DISCUSSION

On appeal, Ms. Jenkinson argues that the worker’s compensation judge erred in denying her claim for benefits, because the test results suggesting that she had a pre-existing condition were contradicted by other testing. She asserts that her medical records from October 2001 until September 2003 show that she tested negative for hepatitis C, which indicates that her June 2000 and December 2000 positive test results were “false positives.” We disagree.
An occupational disease or illness is “due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease.” LSA-R.S. 23:1031.1(B); O’Regan v. Preferred Enterprises, Inc., 98-1602 (La.3/17/00), 758 So.2d 124, 132. A disease contracted by an employee who has worked for a particular employer for less than twelve months is presumed to be nonoccupational and not to have been contracted in the course of and arising out of such employment. LSA-R.S. 23:1031.1(D); Hurst v. Sanderson Farms, Inc., 02-1334 (La.App. 1 Cir. 5/9/03), 846 So.2d 954, 957-958. In order for an occupational disease to be compensable when the claimant has been employed with the defendant for less than twelve months, LSA-R.S. 23:1031.1(D) requires that the employee prove causation by a “preponderance of the evidence.” In order to satisfy this burden, expert testimony supporting a finding of an occupational | .^disease is required. Moore v. Miciotto, 36,727 (La.App. 2 Cir. 1/29/03), 836 So.2d 1252, 1255.
In the present case, Ms. Jenkinson began working for North Oaks on June 22, 2000, and the blood splash incident occurred four days later, on June 26, 2000. Her blood tests taken in June 2000 and December 2000 were both positive for hepatitis C. Both of these tests were performed within twelve months of her employment with North Oaks. Accordingly, it is clear under LSA-R.S. 23:1031.1(D) that Ms. Jenkinson’s diagnosis of hepatitis C is presumed to be non-occupational and not to have been contracted in the course of her employment with North Oaks. Thus, it was her burden at trial to prove causation by a preponderance of the evidence. Ms. Jenkinson clearly did not meet this burden.
Ms. Jenkinson blood was taken four days after her employment began with North Oaks, and she tested positive for hepatitis C. Ms. Johnson testified that in June 2000, it would have taken six weeks after an exposure before a blood test would reveal the presence of hepatitis C. Ms. Jenkinson did not present any expert *720 testimony to refute this assertion. In fact, Ms. Jenkinson did not present any expert testimony at all to support her claim that the hepatitis C was an occupational disease that she contracted while working at North Oaks. Ms. Jenkinson argues that she tested negative for hepatitis C from October 2001 until September 2003. However, this assertion is not supported by the medical evidence admitted at trial.
The factual findings of the worker’s compensation judge are subject to the manifest error standard of review. Dunaway v. Lakeview Regional Medical Center, 02-2313 (La.App. 1 Cir. 8/6/03), 859 So.2d 131, 133. Considering the testimony, evidence and caselaw, we find no manifest error in the worker’s compensation judge’s finding that Ms. Jenkinson had a pre-exist-ing condition and did not contract hepatitis C during her employment with North Oaks. Accordingly, | fiwe affirm the decision of the worker’s compensation judge, dismissing Ms. Jenkinson’s claims against North Oaks with prejudice.
Considering our decision that the worker’s compensation judge did not err in finding that Ms. Jenkinson did not suffer an occupational disease, it is unnecessary for this Court to address Ms. Jenkinson’s arguments regarding the timeliness of her occupational disease claim and whether or not North Oaks was arbitrary and capricious in denying her claim.

DECREE

For the reasons set forth above, we affirm the judgment of the worker’s compensation judge, dismissing Ms. Jenkin-son’s claims against North Oaks with prejudice.

AFFIRMED.