GAIDRY, J.
SUMMARY DISPOSITION
|/The claimant-appellant, Bernard Lands, appeals an adverse judgment of the Office of Workers’ Compensation Administration, District 5, dismissing his claim for workers’ compensation benefits instituted against his employer, Tony’s Seafood, and its workers’ compensation insurer, The Travelers Insurance Company. We affirm.
Following the presentation of the claimant’s evidence, the defendants moved for involuntary dismissal on the grounds that the claimant failed to overcome the statutory presumption against the causal connection of his claimed occupational disease, carpal tunnel syndrome, to his employment. See La. R.S. 23:1031.1(D). The workers’ compensation judge (WCJ) granted the motion. The grounds of the claimant’s appeal are somewhat difficult to discern from his pro se brief.[1] Construing the claimant’s brief broadly, and giving him every benefit of the doubt, we interpret his brief to assert manifest error on the part of the WCJ in concluding that the claimant failed to prove by a preponderance of the evidence that he contracted carpal tunnel syndrome during the course of his employment with Tony’s Seafood.
The evidence in the record supports the WCJ’s factual determination that the *376 claimant failed to prove he contracted carpal tunnel syndrome during his employment.[2] We find no manifest error in that regard. See Dowell v. Ochsner Clinic of Baton Rouge, 03-0460 (La.App. 1st Cir.3/10/04), 874 So.2d 852.
DECREE
We accordingly affirm the judgment of the Office of Workers’ Compensation Administration, District 5, through this summary opinion, in accordance with Rules 2-16.2(A)(2), (4), (5), (6) and (8) of the Uniform Rules of the Louisiana Courts of Appeal. All costs of this appeal are assessed to the claimant-appellant, Bernard Lands.
AFFIRMED.

. Most of the claimant's objections to the pri- or proceedings and the judgment at issue seem to relate to his dissatisfaction with the performance of one of his prior counsel, rather than to specific factual findings or legal conclusions of the WCJ.

. No medical expert testimony was presented on the issue of causation, and the diagnosing physician’s records specifically state that the claimant’s "symptoms of wrist and hand numbness” were "non job related [sic ]” and that the carpal tunnel syndrome was “non comp related [sic].” The medical records introduced into evidence also revealed evidence of a prior wrist fracture and prior finger fracture, which contradicted the claimant's trial testimony denying any prior hand injury or problems.